UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLORIA CARTER, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-2939-D (BF) |
| § | |
| ODIS E. CARTER, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and an Order of Reference from the District Court [D.E. 8], Defendant Judge David Anthony Lopez's ("Judge Lopez") Motion to Dismiss ("Motion to Dismiss") [D.E. 6] has been referred to the United States Magistrate Judge for recommendations. For the following reasons, the undersigned recommends that the Court GRANT Judge Lopez's Motion to Dismiss [D.E. 6].

**ANALYSIS**

To defeat a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule

12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

Because Plaintiff is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). "[ P ]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *AMX, Int'l, Inc.*, 7 F.3d at 75 (citing *Hughes*, 449 U.S. at 9). However, while the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

Judicial immunity protects judges from suits, not just from the ultimate assessment of money damages. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A plaintiff can overcome absolute judicial immunity in only two sets of circumstances. *Id.* at 11. First, judges are not immune from liability for actions not taken in the judge's judicial capacity. *Id.* at 11. Second, judges are not immune for actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Id.* at 12. In determining whether a judge's actions were "judicial in nature," the court should consider the following: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). These factors are broadly construed in favor of judicial immunity; the absence of one

or more factors will not prevent a determination that judicial immunity applies. *Id.*; *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Plaintiff brings a variety of claims against Judge Lopez, all of which relate to various actions pertaining to Plaintiff's divorce proceeding presided over by Judge Lopez in the 256th Family District Court of Dallas County, Texas. The actions complained of include granting a divorce decree, issuing an order on spousal maintenance, communicating with counsel and holding hearings. The undersigned finds that all of these actions are normal judicial functions. Furthermore, they all occurred in the courtroom or chambers, centered around the divorce proceedings properly before the court, and arose directly out of visits to Judge Lopez in his official capacity. Finally, the acts were not taken in the complete absence of jurisdiction.

Plaintiff's numerous allegations of conspiracy, corruption and fraud are irrelevant to the issue of judicial immunity. Judicial immunity applies even when the judge is accused of acting maliciously and corruptly. *Ballard*, 413 F.3d at 515 ("[j]udicial immunity is not overcome by allegations of bad faith or malice"); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant."); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (finding that a judge is entitled to judicial immunity even when the plaintiff alleges the judge "acted pursuant to a conspiracy and committed grave procedural errors"). The undersigned finds that Judge Lopez is entitled to judicial immunity.

## **RECOMMENDATION**

The undersigned recommends that the Court GRANT Judge Lopez's Motion to Dismiss [D.E. 6] and dismiss with prejudice all of Plaintiff's claims against Judge Lopez for failure to state a claim upon which relief may be granted. The Court further recommends that, because there is no

just reason for delay, partial final judgment be entered in favor of Judge Lopez pursuant to Federal Rule of Civil Procedure 54(b).

**SO RECOMMENDED**, this 20th day of February, 2014.

                                                   PAUL D. STICKNEY
                                                 UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).